49166. PARKER v. REXALL DRUG COMPANY et al.

PANNELL, Judge.

This case arose from an indebtedness on an open account for $4,664.28, allegedly due and owing by appellant to appellee, Rexall Drug Company. Appellant denied the indebtedness, admitting only that she was indebted to appellee in the sum of $21.63 for merchandise shipped to her subsequent to February 17, 1972, when she took over the business pursuant to the terms of a decree of divorce obtained by D. H. Parker. Motions for a directed verdict at the conclusion of the appellee's case and at the close of all the testimony were denied. The jury found for the plaintiff in the entire amount and ordered the debt to be paid by Mrs. Parker. An amended alternative motion for judgment notwithstanding the verdict or new trial also was denied and appeal followed.

In April of 1961, Mr. Parker entered into a franchise agreement with Rexall Drug Company. In August, 1966

he gave his wife a special power-of-attorney to operate the drug store and took no further part in its business and managerial operations to include transactions with Rexall Drug Company. Business licenses for Sylvania, Georgia, for the years 1970 and 1971, and federal income tax returns reflected that Mr. Parker was the owner of Parker Rexall Drug Store. Mr. Parker conceded that his wife operated the drug store for him. A proposed change to the franchise agreement dated November 14, 1968, to change ownership from Mr. Parker to Mr. Parker and Mrs. Parker, jointly, was never executed. On September 15, 1970, Mr. Parker executed a security agreement to Solomons Company to secure payments under a promissory note in the amount of $19,280.69, with collateral including all the personal property including furniture, fixtures, equipment, inventory of stock of goods, wares and merchandise of Parker Drug Company. This transaction apparently was unknown either to Mrs. Parker or to Rexall Drug Company. On February 17, 1972, Mr. Parker was granted a decree of divorce from Mrs. Parker, which awarded, inter alia, Parker Drug Store to Mrs. Parker, subject to certain outstanding obligations growing out of the business. On October 11, 1972, Solomons Company filed notice of application for quick order of sale, which was approved October 16, 1972 by the Superior Court of Screven County and the collateral presumably sold. The complaint in the instant case was filed October 12, 1972. *Held:*

In Enumerations of error 6 and 7, appellant complains that the trial court erred in refusing to grant the motions for a directed verdict, alleging a lack of proof that Mrs. Parker, the appellant, had assumed the debts of her former spouse.

The judgment and decree of divorce awarding the drug store to Mrs. Parker provided, in pertinent part, "Defendant shall take *subject to all outstanding obligations growing out of said business,* with the exception of one note to plaintiff's mother in the principal sum of approximately $3,000, which shall be assumed by plaintiff, defendant being responsible for the obligation and note due and payable to her mother." (Emphasis supplied.) We do not believe that as a matter of law that

the emphasized language, supra, creates a personal obligation. Initially, it is apparent that the divorce court clearly specified the outstanding obligations that the individual parties were expected to personally assume and to be responsible for, i. e., payment of the two notes to their respective parents. Had the transfer of the drug store from Mr. Parker to Mrs. Parker been specified by the divorce court as *"subject to the payment* of all outstanding obligations" the divorce decree then would have indicated an intention that Mrs. Parker was to assume the debts as her personal liability. It did not. The words "subject to" are most frequently associated with the conveyance of real property. However, "the words 'subject to' normally connote, in legal parlance, an absence of personal obligation." Helvering v. Southwest Consolidated Corp., 315 U. S. 194 (62 SC 546, 86 LE 789). See also, Elliott v. Sackett, 108 U. S. 132 (2 SC 375, 27 LE 678). In this connection, we note that the divorce decree in the instant case with respect to the award of certain other real property, here not involved, stated: "The property above awarded . . is *subject to* a first deed to secure debt payable to . . ., and said property is awarded subject to said indebtedness *which defendant shall be obligated to pay."* (Emphasis supplied.) The trial court thus clearly recognized that the utilization of the phrase "subject to" in connection with the conveyance of real property referenced was restrictive and the specific language employed emphasizes the trial judge's intent to carefully define the personal responsibility of the parties to the divorce action in the various facets of property transfer involved in the divorce decree.

The Supreme Court of Wisconsin, in the parallel case of Klauser v. Reeves, 226 Wis. 305 (276 NW 356) (1937) stated: "Upon a division of property in a divorce action, the attempt is usually to ascertain and give to the wife a net share of her husband's property. It is unlikely that a transfer subject to his debts would be for any other purpose than that of delimiting the amount of her share. This tends to repel the inference that a personal liability for debts of the husband was intended, but gives support to the inference that the property conveyed was to be subject to a lien or charge which would diminish its net

value to her by the amount of the listed debts." We agree with this rationale and hold that Mrs. Parker, as a matter of law under the facts presented in this case, assumed no outstanding obligations to Parker Drug Company pursuant to the divorce decree granted February 17, 1972. Her obligation to Rexall Drug Company, appellee herein, is limited to her admitted debt of $21.63.

The evidence demanded a directed verdict for Mrs. Parker as a matter of law, except for $21.63 of the $4,664.28 claimed by appellee, Rexall Drug Company and admittedly owed by Mrs. Parker. Accordingly, the judgment is reversed with direction to enter a judgment in the amount of $21.63 in favor of appellee, Rexall Drug Company with costs consistent with Code § 24-3404, which by its terms applies to the superior court, but to which, in view of the Act establishing the City Court of Sylvania (Ga. L. 1913, p. 291 et seq.), now the State Court of Screven County, this section also applies.

*Judgment reversed with direction. Eberhardt, P. J., and Evans, J., concur.*

ARGUED MARCH 6, 1974 — DECIDED MAY 30, 1974.

*Pierce, Ranitz, Berry, Mahoney & Forbes, Morton G. Forbes,* for appellant.